FILED
United States Court of Appeals
Tenth Circuit

November 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AGUSTIN AGUIRRE-RAMIREZ, a/k/a
Los Simbolos, a/k/a Alonso Valdivia,
a/k/a Cisco,

Defendant - Appellant.

No. 16-1235
(D.C. No. 1:12-CR-00038-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.

Agustin Aguirre-Ramirez pled guilty to one count of conspiracy to distribute

and possess with intent to distribute five kilograms or more of a mixture or substance

containing a detectable amount of cocaine. He was sentenced to 216 months in

prison. His plea agreement contained a waiver of his right to appeal from his

conviction or sentence. In spite of this waiver, Mr. Aguirre-Ramirez filed a notice of

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Aguirre-Ramirez does not contest that his waiver was knowing and voluntary and he does not argue that enforcing the waiver would result in a miscarriage of justice. We therefore need not address those issues. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). His sole argument is that his appeal is outside the scope of the waiver.

Mr. Aguirre-Ramirez waived the right to appeal "any matter in connection with [his] prosecution, conviction or sentence" unless it met one of three conditions:

> (1) the sentence imposed is above the maximum penalty provided in the statute of conviction; (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than the adjusted offense level of 42 . . . and imposes a sentence based upon that offense level determination.

Mot. to Enforce, Attach. 1 at 3-4.

Here, the district court determined that the applicable sentencing guideline range for Mr. Aguirre-Ramirez was 292 to 365 months' imprisonment. The court then decided to vary downward and sentenced him to a below-guideline sentence of

- 2 -

216 months' imprisonment. This sentence does not meet any of the three conditions for an exception to the appeal waiver: (1) it does not exceed the maximum penalty of life in prison; (2) it is not an upward departure or variance from the guideline range, but instead is a downward variance; and (3) the offense level determined by the district court was 39, which is below the offense level of 42 indicated in the third condition.

Mr. Aguirre-Ramirez argues, however, that the second condition is implicated if the district court improperly calculated the guideline range. He asserts that the words "otherwise applicable" permits a challenge to the calculation of the guideline range or renders this condition ambiguous. We disagree.

The second condition creates an exception to the waiver when, after determining the otherwise applicable sentencing guideline range, the district court departs or varies upwardly from that range. There is nothing in the second condition that indicates that a challenge to the district court's calculation of the initial sentencing guideline range is outside of the waiver. The "otherwise applicable" language serves as a reference if the district court departs or varies upward from the range it has determined is appropriate. This language does nothing to alter the focus of this exception or to create any ambiguity. The focus of the exception is to permit an appeal if the district court *departs or varies upward* from whatever guideline range it has determined is appropriate.

Because the district court did not depart or vary upward from the guideline range it had determined was applicable, Mr. Aguirre-Ramirez's appeal falls within the scope of the waiver in his plea agreement. Accordingly, we grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam